UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MIROSLAW SZKUTNIK | ) | CASE NO. 22-80097 |
| | ) | |
| Debtor(s). | ) | |

**TRUSTEE'S OBJECTION TO CONFIRMATION OF
CHAPTER 13 PLAN FILED 4/27/2022**

NOW COMES Lydia S. Meyer, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the Northern District of Illinois, Western Division, by and through her attorney, Fiona Whelan and as for her Objection to Confirmation states as follows:

1. The debtor(s) filed for Chapter 13 relief on  1/30/22  .
2. The 341 (a) Meeting of Creditors held on 3/21/2022 was…
   - ☒ Concluded
   - ☐ Taken off calendar
   - ☐ Continued to _____.
3. ☐ The debtor(s) failed to appear [11 USC 341(a)] for 341 meeting on _____.
4. ☐ The debtor(s) failed to commence Chapter 13 Plan payments [11 USC 1326(a)(1)].
5. ☐ The debtor(s) is/are delinquent in the Chapter 13 Plan payments.
6. ☐ The post-petition payments to secured creditors are delinquent.
7. ☐ The debtor(s) is/are not eligible for Chapter 13 [11 USC 109(e)(g)].
8. ☐ The trustee objects to the exemption(s) claimed [B.R. 4003(b)]
9. ☐ The Debtors/Husband/Wife are not entitled to a discharge.
10. The plan filed 4/27/2022 by the debtor(s) fails to meet confirmation requirements and the Trustee objects to confirmation of the Chapter 13 plan for the following reasons:
    - ☐ The proposed Chapter 13 Plan is not feasible [11 USC 1325(a) (6)] as the debtor(s) lacks sufficient regular income [11 USC 109(e)] and/or debtor(s) cannot afford plan payments_____
    - ☐ The Chapter 13 Plan unfairly discriminates against class of general unsecured claims [11 USC 1322(b)(1)].
        - ☐ Plan pays creditor _____ as secured beyond value of collateral.
        - ☐ Plan proposes to pay _____ at 100% while other unsecured creditors receive less than 100%.
        - ☐ Plan proposes to pay _____ directly which results in that creditor being paid 100% while other unsecured creditors are being paid less than 100%.

LIQUIDATION –
   - ☐ Proposed Chapter 13 plan fails to meet liquidation value [11 USC 1325 (a)(4)]
       - ☐ Non-exempt equity $_____    Plan only paying $_____
       - ☐ Must be 100%
       - ☐ Must be 100% with interest
       - ☐ Fair market value of real estate higher per tax assessment than listed on schedule A.
       - ☐ Other _____

DISPOSABLE INCOME -
Proposed Chapter 13 plan fails to provide that all of debtor(s)' projected disposable income to be received during the applicable commitment period will be applied to make payments to unsecured creditors under the plan, [11 USC 1325 (b)(1)(B)] or no cause to extend.

- ☐ Income higher for debtor/wife/husband per _____
- ☐ Unreasonable expenses _____
  _____
- ☐ Proof of following expenses required _____
  _____
  _____
- ☐ 401k loan deduction $_____ - Plan payment should increase when 401k loan is paid.
- ☒ Tax Refunds above ~~$2,000~~ should be paid into plan in addition to plan payments.   $3,680.00  THE TRUSTEE'S LANGUAGE SHOULD BE USED
- ☐ Other _____
  _____
  _____

- ☐ Below Median Debtor
  - ☐ Excess per I/J =    $_____
    Plan payments only  $_____
  - ☐ Other  _____
    _____

- ☐ Above Median Debtor
  - ☐ Plan proposed is not 60 months.
  - ☐ Plan payment is insufficient – Debtor's actual monthly income minus IRS allowances requires plan payment of $_____; Plan proposes payment of $_____
  - ☐ Following expenses are inconsistent between schedules I/J and form 122C2 _____
    _____
  - ☐ Following lines are incorrect on 122C1/122C2: _____
    _____
  - ☐ Amended 122C1 Required.
  - ☐ Other _____
    _____
    _____
  - ☐ Cannot be determined if above or below median income or if disposable income requirement met in above median case
    - ☐ Need proof of income for prior 6 months
    - ☐ Number in household in question
    - ☐ Amended 122C1 required _____
      _____

PLAN PROBLEMS -
- ☐ Plan fails to provide for following secured creditors _____
  _____
- ☐ Plan fails to provide for full payment of all claims entitled to priority as required by Section 507(a)(1)(B).
- ☐ Plan fails to provide for fixed monthly installments for all secured creditors in paragraph 3.1, 3.2, 3.3, and 3.4 [11 USC 1325 (a)5].
- ☐ Following claims will not be paid off within plan term at fixed monthly payment amount. _____
  _____
- ☐ Plan payment is insufficient to cover all fixed payments to creditors and Trustee's fees.

- ☐ The Plan fails to include the following language - "The Plan will conclude before the end of the initial term only as such time as allowed claims are paid in full with interest required by the plan."
- ☐ The proposed Chapter 13 plan will not complete within 60 months [11 USC 1315(a)4].
- ☐ The plan proposes to pay certain creditors as secured. The documents indicated below are needed for the following creditors:

  _____ ☐ Timely filed Proof of Claim
  (Creditor) ☐ Security Documents

  _____ ☐ Timely filed Proof of Claim
  (Creditor) ☐ Security Documents

  _____ ☐ Timely filed Proof of Claim
  (Creditor) ☐ Security Documents

- ☐ The following creditors listed in 3.2 and/or 3.4 did not receive notice pursuant to Rule 7004: _____
- ☐ The plan was not noticed to all creditors.
- ☐ Notice was not provided to: _____
- ☒ Debtor failed to list and provide notice to: CO-DEBTOR ON GARDEN PRAIRIE REAL ESTATE
- ☐ The following boxes are not checked: _____
- ☐ The debtor(s) has/have failed to file Chapter 13 Plan in good faith. [11 USC 1325 (a) (3)]
- ☐ Prior bankruptcy filings by debtor(s) _____
- ☐ Other: _____
- ☐ Debtor(s) have failed to produce the following documents required by 11 USC 1308(a)2, 521(e)2(A) and 521(a)1(B)1v:
  - ☐ Proof that the debtor(s) filed the last 4 years of tax returns – 11 USC§1307(e) states that the Court shall dismiss or convert a case to Chapter 7 upon the debtor's failure to file no later than the day before the date of the original creditors meeting all tax returns for all taxable periods ending during the 4 year period ending on the date of the filing of the petition.
  - ☐ Copy of Federal income tax return for _____. Pursuant to 11 USC§521(e)2(B), if the debtor fails to provide the most recent tax return 7 days before original first meeting of creditors, the Court shall dismiss the case unless the debtor shows that the failure to comply is "due to circumstances beyond the control of the debtor."
  - ☐ Paycheck stubs – Pursuant to 11 USC 521, debtor's failure to file copies of all payment advices or other evidence of payment received within 60 days before the filing of the petition by the debtor from any Employer shall result in the automatic dismissal of the case on the 46th day after the date of the filing of the petition.
  - ☐ The debtor(s) has/have failed to cooperate with the trustee [11 USC 521(a) (3)] as the following document(s) was/were not provided:
    - ☐ Acceptable certificate that debtor has completed the requisite debtor briefing [11 USC 109(h)1]
    - ☐ Amended schedule E listing name and address of the holder of any domestic support obligation.

 ☐ Certification that debtor has paid all amounts required to be paid under a domestic support obligation [11 USC 1325(a)8] or that the debtor(s) have no domestic support obligations
 ☐ Paycheck stubs
 ☐ Proof of Income from _____
 ☐ Profit and Loss statements
 ☐ Business Questionnaire and all attachments
 ☐ Proof of Social Security number
 ☐ Other _____

11. ☐ Attorney's Fees Issues – Listed here for informational purposes only – these issues will not bar confirmation:
  ☐ No fee application filed
  ☐ Fee Application not noticed
  ☐ Fee application and order are inconsistent
  ☐ Other _____

WHEREFORE, the Trustee objects to confirmation of the Chapter 13 Plan for the foregoing reasons and requests that this case be dismissed.

              /s/ Fiona Whelan
              FIONA WHELAN, Staff Attorney for
              LYDIA S. MEYER

## NOTICE OF FILING AND PROOF OF SERVICE

Please take notice that on  April 29 , 2022 this Objection to Confirmation was filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Western Division: a copy of which is hereby served upon attorney of record and the debtor(s).

STATE OF ILLINOIS    )
           ) SS
COUNTY OF WINNEBAGO )

I, the undersigned being first duly sworn on oath, depose and state that I served a copy of this **OBJECTION TO CONFIRMATION** upon attorney of record for the debtor via electronic notification that occurs automatically upon the filing of said Objection to Confirmation. I further swear that I served a copy upon the Debtor(s) to their current address on file with the Trustee's office by mailing a true and correct copy in a properly addressed envelope, postage pre-paid at Rockford, IL at or about the hour of 5:00 p.m. on April 29 , 2022.

              /s/ Heather Fagan

LYDIA S. MEYER, Trustee
308 West State Street, Suite 212
Post Office Box 14127
Rockford, IL 61105-4127
Telephone: 815/968-5354
Fax: 815/968-5368                    8-19-19